**Milton HART and Vivien Hart, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 27, Docket 28753.

United States Court of Appeals Second Circuit.

Argued Oct. 1, 1964.

Decided Nov. 16, 1964.

Abraham S. Guterman, New York City (Alan Ditchik, New York City, on the brief), for petitioners.

Harry Marselli, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Edward L. Rogers, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before LUMBARD, Chief Judge, and FRIENDLY and MARSHALL, Circuit Judges.

PER CURIAM.

We affirm the judgment of the Tax Court, 41 T.C. 131 (1963) which upheld the Commissioner's assessment of tax deficiencies against the petitioners, husband and wife, for the years 1956, 1957, and 1958. These deficiencies arose because the Commissioner disallowed deductions claimed by the taxpayers by reason of their payment in those years of dividends of $10,250 in 1956, $41,250 in 1957, and in 1958 a total of $65,700 in two transactions, with respect to short sales of stock.

We need not repeat the facts which are set forth at length in the Tax Court opinion by Judge Withey. The four transactions involved followed the same basic pattern. The taxpayer sold short the stock of a corporation which had declared and was about to pay a sizable dividend to stockholders of record as of a future date. On or near the record date, he paid the short-dividend to the lender of the stock, as is normally required in a short sale, and then quickly covered his short position by purchasing the number of shares he had sold. He deducted the short-dividend as an expense under § 212(1) of the Internal Revenue Act of 1954, as interpreted by I.T. 3989, 1950–1 Cum.Bull. 34. His short-term capital gain on the transaction, measured approximately by the difference between the sale price and the lower ex-dividend purchase price, would normally have been taxed as ordinary income, except that the taxpayer engaged in the transaction in a year in which he had a net long term capital loss, and thus the capital gain on the short transaction went untaxed.

■ These dividends were not ordinary or necessary "expenses paid or incurred * * * for the production or collection of income" or for any other purpose recognized by § 212. The evidence shows conclusively that Hart entered into the short sale transactions solely in order to create the bases for dividend deductions and thus reduce his tax liabilities by $4,966.13 for 1956, by $29,238.09 for 1957, and by $49,854.-68 for 1958. The short space of time between the sales and purchases, the timing of these transactions to occur at the end of years when substantial capital losses had been incurred, the taxpayer's lack of interest in the corporation in whose stock he was dealing (except for the payment of the dividend), and the short space of time between the purchases and the dividend record date, all support this conclusion.

Further, the failure to post margin, to submit financial statements to the brokers, and to deliver stock certificates, while not necessarily evidence of sham transactions (see concurring opinion of Opper, J., 41 T.C. at 144), are evidence that the taxpayer intended to maintain his short position only for the brief period until the dividend record date, with the intention of realizing tax benefits rather than profit. Additional evidence of the lack of a profit motive is the fact that in one of these transactions, the taxpayer covered his short position by purchasing from his broker the necessary stock at $133½ per share, although the stock was being traded that day on the American Stock Exchange at prices ranging from $130½ to $131, in order to give the broker compensation of $1 per share.

■ There is no evidence that Hart entered into these transactions with any expectation of financial gain from the transactions themselves; his only expectation of gain was the hope of reducing his taxable income for the years in question. For this reason the Tax Court rightly held that these dividends were not the kind of expense which the statute allowed as a deduction, as the avoidance of tax is not the "production or collection of income" under § 212. Lewis v. Commissioner, 328 F.2d 634, 639 (7 Cir. 1964); Carl Shapiro, 40 T.C. 34, 39 (1963).

Affirmed.