L. H. Clark and Aminah Clark v. Commissioner.
Clark v. Commissioner
Docket No. 2045-69 SC.
United States Tax Court
T.C. Memo 1970-98; 1970 Tax Ct. Memo LEXIS 261; 29 T.C.M. (CCH) 460; T.C.M. (RIA) 70098; April 28, 1970, Filed *261 Petitioners claimed cash charitable contributions of $605 during 1967 which respondent disallowed entirely as unsubstantiated. During this same year, petitioner was designated official representative of a taxexempt organization at an international meeting in Tokyo. He traveled to Tokyo, Djakarta and Bangkok, and deducted $600 as out-of-pocket expenses incurred incident to this trip. Respondent disallowed this deduction in its entirety. 1. Held, petitioners made deductible cash charitable contributions in the amount of $320 during 1967. 2. Held, further, petitioner is entitled to deduct $258.50 in out-of-pocket expenses incurred while in Tokyo, as well as the $550 air fare to Tokyo. However, petitioner has not succeeded in proving that any of the expenditures incurred while traveling from Tokyo to Djakarta, Bangkok, and return were made incident to the rendition of services to an organization described in section 170(c), and, therefore, no deduction for those expenses is allowed. L. H. Clark, pro se, 2615 Way Lane, Corona del Mar, Calif., Marion Malone, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: The Commissioner determined a deficiency of $197.80 in petitioners' 1967 income tax return. The issues for decision are: 1. the amount allowable as a deduction under section 170 of the Internal Revenue Code of 1954[1] for cash contributions made by petitioners to certain exempt organizations; and 2. the amount of unreimbursed expenses incurred by petitioner-husband allowable as a deduction under section 170 as made incident to the rendition of services to an organization exempt under section *263 170(c). Findings of Fact Some of the facts have been stipulated and are found accordingly. The facts reflected in the exhibits received in evidence are incorporated herein by reference. Laurence H. Clark [2] (hereinafter petitioner) and Aminah Clark, husband and wife, are cash-basis taxpayers who filed a timely joint Federal income tax return for the calendar year 1967 with the district director of internal revenue, Ogden, Utah. At the time of the filing of the petition herein, petitioners resided in Corona del Mar, Calif.
Respondent disallowed the following contributions claimed by petitioners as deductions on their 1967 tax return: Subud Brotherhood
$555
Various Organized Charities
50
Out-of-pocket expenses while attending Third International Subud Congress in Tokyo 600
$1,205
*264 During 1967 petitioners were members of Subud North America (hereinafter Subud N.A.), a religious organization which was issued a tax exemption status ruling by the U.S. Treasury Department on December 19, 1963. Subud N.A., as well as its state and local chapters, rely upon the donations of its members for their financial support. Unless they were ill or out of town, petitioners regularly attended meetings three times a week at the Subud local chapter in Santa Barbara, Calif. (hereinafter Subud Santa Barbara) during the year 1967. During the same year petitioner-husband was sometimes required to attend meetings at 461 the Subud center in Los Angeles, Calif. (hereinafter Subud Los Angeles). At each meeting petitioners made cash contributions by placing money in a wicker basket which served as a receptacle for the donations of Subud Santa Barbara members. Petitioner-husband usually placed paper money in the basket, and upon one occasion, petitioner donated a five dollar bill which was to serve as his donation for a one-week period. In addition to her regular contributions, Aminah Clark contributed $10 in the form of a check at a fund-raising meeting. Expenses of a local *265 Subud organization included building rentals and purchases which expenditures were necessary in order to supply facilities for mettings. Other expenses were also incurred for publications and various official functions. All of these expenses were borne by the members of Subud local chapters and, in addition, donations of members of the local centers supported the activities of the Subud state organizations as well as Subud N.A. Besides their contributions to Subud Santa Barbara, petitioners also made small contributions to other charitable organizations during the year in question. In May 1967 petitioner was selected by Subud N.A. to serve as its official representative at the Subud World Congress held in Tokyo, Japan, during July 1967. This Congress commenced shortly after July 23, 1967 and lasted through July 31, 1967. Petitioner then traveled from Tokyo to Djakarta, Indonesia, which is the world headquarters for the Subud International group. His trip to Djakarta was made in his capacity as chairman of a new group, called Subud Technical Specialists (hereinafter STS), to which position he had been officially appointed by the World Congress. At its inception in 1967, STS was *266 a formal part of Subud International and is currently a part of the Subud International Congress Committee. This latter international group is an international service organization which coordinates the activities of approximately 60 national Subud organizations. As chairman of STS, petitioner's responsibilities consisted in developing further this new organization with the Subud International Secretariat located in Djakarta. From Djakarta, petitioner traveled to Bangkok, Thailand, back to Tokyo, and then returned to the United States. All totaled, petitioner was in travel status for a period of 30 days, 11 of which pertained to the World Congress in Tokyo. Since none of petitioner's expenses for lodging, food and gratuities with regard to this trip was reimbursed by Subud, N.A., he deducted a total of $600 on his 1967 tax return as representing the out-of-pocket expenses incurred by him while attending the Congress. Petitioner did not, however, deduct any of the air transportation costs he incurred. On July 20, 1967, petitioner purchased for $860 a roundtrip ticket from Japan Air Lines for Tokyo, Djakarta and intermediate stops. However, the travel from Tokyo to Djakarta, Bangkok, *267 Toyko and return to Los Angeles required a reissuance of petitioner's flight ticket at an additional cost, thereby making the total cost of his flight ticket $1,043.10. Opinion Petitioners made cash contributions during 1967 to certain charitable organizations, all of which respondent disallowed because of lack of substantiation. Moreover, respondent disallowed in full a $600 deduction for "Out of pocket expenses [incurred] while attending 3rd International Subud Congress in Tokyo," and claimed by petitioner as a charitable contribution to Subud N.A., a tax-exempt religious organization. 1. Cash Contributions Petitioners regularly attended meetings of Subud N.A. at the Subud local center in Santa Barbara, Calif., during 1967, unless they were ill or out of town. It was at these meetings that petitioners made most of their cash contributions to support not only Subud Santa Barbara, but the state and national Subud organizations as well. The evidence disclosed that petitioner usually contributed a minimum of one dollar at each meeting. While we have very little evidence before us regarding the amount of money donated by petitioner's wife, we do know that upon one occasion *268 she did give a $10 check to Subud Santa Barbara. Section 170(a) provides, in part, as follows: (a) Allowance of Deduction. - (1) General rule. - There shall be allowed as a deduction any charitable contribution * * * payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. From the uncontroverted testimony of petitioner, corroborated by the testimony of 462 Lukman Glasgow who was chairman of Subud Santa Barbara during the year at issue, we have concluded that petitioners' contribution to Subud organizations during 1967 totaled $300. Cf. Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). In addition to the contributions to Subud Santa Barbara, petitioners are entitled to deduct $20 for donations they made to other charitable organizations in 1967. Cf. Cohan, supra.
2. Unreimbursed Expenses Because of his status as an official delegate to the Third International Subud Congress in Tokyo, Japan, petitioner claims and respondent admits that the unreimbursed out-of-pocket expenses that petitioner incurred for *269 lodging, food, and gratuities while attending the meeting in Tokyo are deductible as charitable contributions for the use of Subud N.A., a tax-exempt religious organization. Section 170-2(a)(2), Income Tax Regs.
Petitioner testified that he spent approximately $10 to $12 per day for his hotel accommodations in Tokyo and an additional $10 to $15 each day for meals and gratuities. Respondent, in using the average of the highest and lowest figures, computed petitioner's total out-of-pocket expenses at $23.50 per day. We accept this computation as a reasonable approximation of the daily expenses incurred by petitioner. We hold that petitioner is entitled to deduct $258.50 for his out-of-pocket expenses for the 11 days that he was in travel status at the Tokyo Congress as expenses necessarily incurred in rendering donated services to a tax-exempt organization. Respondent contends that petitioner traveled to Djakarta and Bangkok on behalf of the Subud International organization, and that, therefore, those expenses are not deductible since they were incurred on behalf of a foreign charity. Petitioner, on the other hand, contends that this travel was necessary to complete his duties *270 as the official delegate of Subud N.A. to the Subud World Congress. Deductions are a matter of legislative grace and, therefore, petitioner has the burden of proving that the expenses of his trip qualify as charitable contributions deductible under section 170. Arthur S. Saltzman, 54 T.C. - April 2, 1970); Milton Hart, 41 T.C. 131 (1963), affd. per curiam 338 F. 2d 410 (C.A. 2, 1964). We cannot find on the record and evidence before us that the transportation and out-of-pocket expenses pertaining to the trip to Djakarta, Bangkok and return to Tokyo were incurred by petitioner on behalf of Subud N.A. In fact, the evidence suggests to the contrary. Petitioner testified that he had been appointed chairman of STS by the World Congress and not by Subud N.A. Although the services which petitioner rendered as chairman of STS may have eventually benefited Subud N.A., we cannot say that the expenses with respect to the trip to Djakarta were expenses solely attributable to the rendition of services for Subud N.A. Cf. Arthur S. Saltzman, supra. Accordingly, we hold that petitioner is not entitled to deduct the transportation and out-of-pocket expenses pertaining *271 to his trip to Djakarta, Bangkok and return to Tokyo because he has not proved that these expenses were incurred on behalf of an organization described in section 170(c). Petitioner is entitled to a deduction for the air ticket from Los Angeles to Tokyo and return. At trial, petitioner testified that the cost of the ticket was between $500 and $600, which he paid to a travel agency during 1967. Accordingly, we will allow him to deduct $550. In order to reflect the conclusions reached herein, Decision will be entered under Rule 50. Footnotes
1. All statutory references, unless otherwise specified, are to the Internal Revenue Code of 1954, as amended.↩
2. On July 18, 1969, the Superior Court for the County of Orange, Calif., entered the following order: IT IS HEREBY ORDERED that the name of Petitioner Laurence Howard Clark and Petitioner Renee Lee Barkdoll Clark be and the same are hereby changed to IBROHIM CLARK and AMINAH BARKDOLL CLARK respectively.↩